**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio Amilcar VELASQUEZ, also
known as Antonio Velasquez Mazarie-
gos, also known as Pony, Defendant–
Appellant.**

No. 11–3364.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 16, 2012.

Filed: April 25, 2012.

Sara Elizabeth Fullerton, U.S. Attor-
ney's Office, Lincoln, NE, for Plaintiff–
Appellee.

Joshua D. Barber, Barber & Barber.,
Lincoln, NE, for Defendant–Appellant.

Before BYE, BEAM, and BENTON,
Circuit Judges.

PER CURIAM.

Antonio Velasquez pleaded guilty to con-
spiracy to distribute methamphetamine
and was sentenced to 121 months' impris-
onment. After Velasquez cooperated with
law enforcement, the government filed a
Rule 35(b) motion to reduce Velasquez's
sentence to 108 months. The district
court[1] granted the government's motion
and reduced Velasquez's sentence to 84
months. Velasquez appeals the reduction,
contending the court should have reduced

his sentence to 60 months. We dismiss for
lack of jurisdiction.

Most typically, when a defendant ap-
peals the extent of a Rule 35(b) sentence
reduction "he must establish that the sen-
tence was imposed 'in violation of law' to
confer appellate jurisdiction[.]" *United
States v. Rublee*, 655 F.3d 835, 838 (8th
Cir.2011) (quoting 18 U.S.C. § 3742(a)(1)).
Velasquez contends the district court im-
posed a sentence "*in violation of law*" when
it considered an uncontested fact from his
presentence investigation report ("PSR")
that Velasquez claims was unrelated to the
value of his assistance-a fact indicating
Velasquez may have urged a potential wit-
ness against him to misconstrue facts if
questioned. We disagree.

First, it is debatable whether this fact
was unrelated to Velasquez's assistance
since it bore upon his credibility and use-
fulness as a government informant. Sec-
ond, even assuming the incident was unre-
lated, as we explained in *Rublee*, a court
may consider factors unrelated to the de-
fendant's substantial assistance when exer-
cising its discretion to limit a sentence
reduction. 655 F.3d at 839 ("Because the
court had authority to *limit* the Rule 35(b)
reduction ... based on factors unrelated
to the substantial assistance [the defen-
dant] provided, his sentence was not im-
posed 'in violation of law' even if based on
an unrelated factor."). Moreover, even if
the district court's refusal to depart fur-
ther was based on consideration of this
portion of Velasquez's PSR—a portion to
which Velasquez failed to timely object—
such refusal did not amount to an "uncon-
stitutional motive" warranting our review.
*See United States v. Sykes*, 356 F.3d 863,
865 (8th Cir.2004) ("Absent an unconstitu-

---

**1.** The Honorable Richard G. Kopf, United
States District Judge for the District of Ne-
braska.

tional motive, the extent to which a district court exercises its discretionary authority to depart downward [based on a Rule 35(b) motion] is not subject to review."); *see also West v. United States*, 994 F.2d 510, 512 (8th Cir.1993) ("Assuming that some of the information contained in the PSR was false, a defendant is not deprived of due process when sentenced on the basis of such information as long as the defendant was afforded an adequate opportunity to challenge the information.") (internal quotation marks and citation omitted). Accordingly, we lack jurisdiction to consider Velasquez's contention the court abused its discretion by failing to further reduce his sentence.

We dismiss the appeal for lack of jurisdiction.